UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SCOTT PINDER<br>101 N. Sidesaddle Lane<br>East Fallowfield, PA 19320,<br><br>      Plaintiff,<br><br>      v.<br><br>NATIONAL RAILROAD PASSENGERS<br>CORPORATION (AMTRAK)<br>2955 Market Street<br>Philadelphia, PA 19104,<br><br>      Defendant. | : <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: <br>: | Civil Action No. _____<br><br>**COMPLAINT**<br><br>Plaintiff Demands a Trial<br>by Jury |

Plaintiff, SCOTT PINDER, as and for his Complaint against above-named Defendant respectfully alleges upon the information and belief as follows:

**Nature of the Case**

1.    Plaintiff complaints pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 200e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100, *et seq.* ("PFPO"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discrimination against by his employer on the basis of his race, color, and/or national origin, together with retaliation and hostile work environment.

**Jurisdiction and Venue**

2.    Jurisdiction of this action is conferred upon the Court as the action involves a Federal Question under Title VII of the Civil rights Act.  The Court also has supplemental jurisdiction over the State and City Causes of Action.

3.  Venue is proper in this district based upon Defendant's principal place of business being within the County of Philadelphia, Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania.

4.  On or about June 5, 2025, Plaintiff filed a charge with the EEOC and the PHRC upon Defendant as set forth herein.

5.  On or about February 5, 2026, the EEOC issued Plaintiff a Right To Sue Letter for both of his Charges of Discrimination.

6.  This action is being commenced within ninety (90) days of receipt of the EEOC Right To Sue Letter.

**Parties**

7.  At all times relevant hereto, Plaintiff Scott Pinder was and is a black male who resides in East Fallowfield, Pennsylvania.

8.  At all times relevant hereto and mentioned herein, Defendant National Railroad Passengers Corporation (AMTRAK) was and still is a foreign business corporation organized and existing by virtue of the Laws of the District of Columbia.

9.  At all times relevant hereto, Defendant National Railroad Passengers Corporation did and continues to do business as "AMTRAK" (herein referred to as "AMTRAK") and conducted business at 2955 Market Street, Philadelphia, 19104 (hereinafter "30th Street Station").

10. At all times material hereto, Plaintiff was employed by Defendant.

**Material Facts**

11. Plaintiff Scott Pinder began working for AMTRAK as a conductor in approximately 2008.

12.     At all times material hereto, Plaintiff was based out of AMTRAK's Philadelphia crew base in Philadelphia and worked regular assignments between Philadelphia, Pennsylvania and Harrisburg, Pennsylvania.

13.     A hostile work environment of harassment, discrimination, and intimidation against black employees such as Plaintiff and other non-white AMTRAK employees has persisted for many years at AMTRAK's Harrisburg location.

14.     This hostile work environment worsened in 2024.

15.     On or about September 9, 2024, after returning to work from a vacation, Plaintiff was unable to access the persona items in  his locker at the Harrisburg location because his lock and been removed without his consent and replaced with another one (also without his consent) that he did not have the ability to open.

16.     Plaintiff reported the matter to AMTRAK's employee, Michelle Kepner (Road Foreman II).

17.     Ms. Kepner advised that she would investigate the matter and apologized to Plaintiff.

18.     After approximately nine (9) days without any update as to the investigation, Plaintiff reached out to her again via email and advised that he would contact the police.

19.     Ms. Kepner responded that she was going to put a notice on Plaintiff's locker asking for the person who had switched the lock to come forward.

20.     At this time, Ms. Kepner also had the new lock removed from Plaintiff's locker so that he could replace it with one of his own.

21.    Shortly thereafter, on his next trip back to Harrisburg, Plaintiff attempted to access his locker and found that there were four (4) or five (5) locks placed on top of his replacement lock, again making his locker inaccessible to him.

22.    Plaintiff reported this second incident to Ms. Kepner, who then reported it to AMTRAK's Assistant Superintendent, Steven Preslock.

23.    No action was taken by AMTRAK to address this second incident with Plaintiff's access to his locker.

24.    The day after the second incident was reported to Mr. Preslock, Plaintiff found a black boot tied to his locker.

25.    A black boot, especially a dirty black boot, is a symbol of white supremacy and intimidation used to threaten, harass, or express hostility toward non-white people, including black persons such as Plaintiff.

26.    Plaintiff reported the black boot to Mr. Preslock and expressed his belief that the incidents with his locker at the Harrisburg location were acts of racial intimidation that created a hostile work environment.

27.    To the best of Plaintiff's knowledge, no non-black employees of AMTRAK experienced repeated inaccessibility to their lockers, nor did any of them have a black boot tied to their lockers.

28.    AMTRAK's response to Plaintiff's complaints of racial discrimination was to implement a new locker system and policy in January of 2025, one that does not require the use of combination or key-based individual locks.

29.    To the best of Plaintiff's knowledge, AMTRAK, to date, has done nothing to investigate or address the racial discrimination and hostile work environment indicated by and

exemplified by the repeated locker inaccessibility and threatening black boot to which Plaintiff was subjected.

30.    As a result of the racial harassment, discrimination, intimidation, and hostile work environment at AMTRAK's Harrisburg location, Plaintiff has suffered stress and anxiety, for which he had to seek medical treatment.

**Count I – Discrimination**
**Violation of 42 U.S.C. Section 1981**

31.    Plaintiff, individually and on behalf of all persons similarly situated, repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

32.    42 USC Section 1981 states in relevant part as follows:

(a) Statement of equal rights All persons within the jurisdiction of the

United States shall have the same right in every State and Territory

to make and enforce contracts, to sue, be parties, give evidence, and to

the full and equal benefit of all laws and proceedings for the security

of persons and property as is enjoyed by white citizens, and shall be

subject to like punishment, pains, penalties, taxes, licenses, and

exactions of every kind, and to no other. (b) "Make and enforce contracts"

defined For purposes of this section, the term "make and

enforce contracts" includes the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges,

terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981.

33.    Plaintiff, as a member of the Black and/or African-American race, was

discriminated against by Defendants because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein. Plaintiff also claims unlawful retaliation under 42 U.S.C. 1981 for his opposition to Defendants' unlawful employment practices.

**Count II – Discrimination**
**Violation of Title VII**

34.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

35.    This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, and 42 U.S.C. Section 1981, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's national origin and race.

36.    SEC. 2000e-2. *[Section 703]* states as follows:

(a) Employer practices

It shall be an unlawful employment practice for an employer -

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or  to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

37.     Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff because of his race, color and national origin.

### Count III – Discrimination
### Violation of Title VII

38.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

39.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

40.     Defendant retaliated against Plaintiff because he opposed Defendants' unlawful employment practices.

### Count IV – Discrimination Under State Law

41.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

42.     The PHRA § 955 provides that  it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the

blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

43.     Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, national origin and/or color.

44.     Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of the PHRA § 955.

### Count V – Discrimination Under State Law

45.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

46.     PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

47.     Defendant engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

### Count VI – Discrimination Under the Philadelphia City Administrative Ordinance

48.     Plaintiff repeats and realleges each and every allegation made in the above

paragraphs of this complaint.

49.     The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

50.     Defendant engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of Plaintiff's race, color and/or national origin.

51.     Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

**Count VII – Discrimination Under the Philadelphia City Administrative Ordinance**

52.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

53.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or

otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

54.     Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**Count VIII – Discrimination Under the Philadelphia City Administrative Ordinance**

55.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56.     The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

57.     Defendant engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**Jury Demand**

58.     Plaintiff requests a jury trial on all issues to be tried.

**Prayer for Relief**

**WHEREFORE**, Plaintiff demands judgment against Defendant in an amount in excess of

one hundred and fifty thousand ($150,000.00), to be determined at the time of trial plus interest, including but not limited to all emotional distress damages, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

Dated: May 4, 2026                                                  JANOSKI LAW

By: ___/s/ Maria C. Janoski_____
                Maria C. Janoski, Esq.
                104 S. Church St.
                West Chester, PA 19382
                Tel: (610) 679-9031
                Email: mjanoski@janoski-law.com